T. E. Meadows, alias S. S. Manning, v. State.

No. 2149. Decided February 16, 1913.

1.—Theft of Mules—Continuance.

Where the application for continuance showed a want of diligence, and that the absent testimony was not probably true, there was no error in over-ruling same.

2.—Same—Charge of Court—Circumstantial Evidence.

It is only when the case is proven by circumstantial evidence alone that a charge on circumstantial evidence is required.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of theft of two mules, the evidence sustained the conviction, there was no error.

Appeal from the District Court of McLennan. Trial before the Hon. Richard I. Munroe. Appeal from a conviction of theft of mules; penalty four years' imprisonment in the penitentiary.

The opinion states the case.

*Lester & Taylor*, for appellant.—On question of circumstantial evidence: Leftwich v. State, 34 Texas Crim. Rep., 489; Martin v. State, 32 id, 441; Polanka v. State, 33 id, 634; Robertson v. State, 33 id, 366.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of the theft of two mules and his punishment fixed at four years confinement in the penitentiary.

The evidence is amply sufficient to sustain the verdict.

The application for a continuance shows such a lack of diligence to procure the attendance of witnesses as to justify the court in over-ruling it. (Giles v. State, 66 Tex. Crim. Rep., 638; 148 S. W. Rep., 317.) Besides the testimony, admissions and statements of the appellant himself are so unreasonable, contradictory and confusing as to clearly justify the court to believe none of the claimed absent wit-

nesses, none of whom had ever been subpœnaed, or would testify as claimed by him, and if they had, that their testimony would not prob. ably be true and would not have changed the result of the trial.

The court did not err in not giving appellant's requested charge on circumstantial evidence. The admissions and testimony of the appellant himself unquestionably show that he took the mules at the time and place they were stolen and he was within two or three hours thereafter caught in the actual possession thereof some twelve or fourteen miles from where he had taken them. It is only when the case is proven by circumstantial evidence alone that a charge on circumstantial evidence is necessary. Sec. 813, sub. 2, p. 531, White's C. C. P.

The court gave a full and fair charge in the case, submitting every issue in any way raised by the testimony, all of which was found against appellant, with the amplest evidence to support it.

The judgment is affirmed.

*Affirmed.*